389 So.2d 1260 (1980)
STATE of Louisiana
v.
Harry V. PHILLIPS.
No. 67040.
Supreme Court of Louisiana.
September 10, 1980.
Rehearing Denied November 10, 1980.
*1261 William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Speedy O. Long, Dist. Atty., for plaintiff-respondent.
Patrick L. Durusau, Jena, for defendant-relator.
PER CURIAM.
We granted certiorari to review defendant's claim that our decision in State v. Lindinger, 357 So.2d 500 (La.1978) compelled the granting of his motion for a directed verdict of acquittal in the trial court. Defendant was charged with operating a vehicle while intoxicated, in violation of La.R.S. 14:98. On January 21, 1980, in trial before the court alone, he moved for an acquittal at the close of the state's case. La.C.Cr.P. Art. 778. Defendant argued that the state's evidence failed to prove circumstantially his operation of the vehicle while intoxicated on the day in question. The trial court denied the motion, found defendant guilty as charged (defendant not presenting any evidence of his own) and sentenced him to pay a fine in the amount of four hundred ($400.00) dollars. On reviewing the record before us, we agree with the trial court that defendant's reliance on Lindinger is misplaced. As the evidence in this case would have justified any rational fact finder in the belief that the state had excluded every reasonable hypothesis of innocence, State v. Mathews, 375 So.2d 1165 (La.1979), we now affirm defendant's conviction.
Evidence at trial showed the following. In the afternoon of June 28, 1978, Joseph Trunzler, a trooper with the state police, spotted defendant's blue pick-up truck parked at the intersection of Highway 8 and a parish road in Catahoula Parish. The rear wheels of the pick-up truck were on the parish road, the front wheels on the shoulder just off the road. Although it was the middle of the afternoon, the truck's lights were on. Stopping to investigate, Trunzler found defendant seated at the steering wheel: "[h]is lower torso was maybe behind the wheel. The rest of him was slumped over on the seat." "The smell of alcohol was tremendous," the trooper testified, "and I tried to get [defendant] aroused and I couldn't get him aroused." Placing the barely conscious defendant under arrest, Trunzler then carried him to the patrol car. Trunzler conceded freely that he never saw the car move and could not tell how long it had been parked at the intersection.
Defendant keyed his argument below to these concessions by Trunzler. He thus argued that the state had failed to prove either that he had been driving the truck when it went off the road, or, that he was intoxicated before, not after, the truck rolled to a stop. The trial judge disagreed and added the following observations: "I think the . . . particularly important item in evidence before me now is the fact that this vehicle was half on and half off the public highway . . . the circumstances warrant finding that he is the individual who drove it there and that was simply as far as he could go . . . the fact that he was found under the wheel, behind the accelerator and brake would ... as so point to the fact that he is the one which drove the vehicle there and passed out before he got off the highway."
We find the trial court's reasons persuasive. In State v. Lindinger, supra, this Court emphasized that under La.R.S. 14:98, the state must prove the accused has in fact operated a vehicle while intoxicated. In Lindinger, defendant was discovered, resting against a pick-up truck some 50 to 100 feet off the highway, skid marks tracing the truck's path from the road. Evidence of defendant's intoxication was overwhelming. We noted, however, that defendant's mere presence by the truck was not sufficient to support the inference (beyond reasonable doubt) he had driven it there or, more importantly, that he had done so while intoxicated. We therefore reversed defendant's conviction.
*1262 In this case, on the other hand, defendant was found inside the truck at the steering wheel. The truck's lights were on, although it was midafternoon, and the vehicle had stopped half on and half off the parish road. We agree with the trial court that this evidence excluded any reasonable possibility that some other person had driven the truck to that location and then abandoned it in that manner to defendant. We also find that this evidence excluded any reasonable hypothesis that defendant had driven the truck to that location and then, with lights on and the back of his vehicle poking out onto the parish road, began drinking himself into a stupor.
Accordingly, we uphold the ruling of the trial court and affirm defendant's conviction and sentence.
AFFIRMED.
MARCUS and WATSON, JJ., dissent.