448 So.2d 267 (1984)
STATE of Louisiana, Plaintiff-Appellee,
v.
Louis R. RUTAN, Defendant-Appellant.
No. K83-922.
Court of Appeal of Louisiana, Third Circuit.
April 11, 1984.
*268 Fred S. Gahagan, Gahagan & Gahagan, Natchitoches, for defendant-appellant.
Ronald C. Martin, Dist. Atty., Natchitoches, for plaintiff-appellee.
Before CUTRER, YELVERTON and KNOLL, JJ.
KNOLL, Judge.
We granted writs of certiorari to review the trial court's denial of a motion to acquit. The defendant was charged with: careless and reckless operation of a vehicle, a violation of LSA-R.S. 14:99; driving while intoxicated, a violation of LSA-R.S. 14:98; and operating a vehicle while his license was suspended, a violation of LSA-R.S. 32:415. The charges were consolidated for trial. The defendant contends that no evidence was adduced to prove that he was operating a motor vehicle, an essential element of the crime of driving while intoxicated.
LSA-R.S. 15:271 provides:

"The plea of not guilty throws upon the state the burden of proving beyond a reasonable doubt each element of the crime necessary to constitute the defendant's guilt." (Emphasis added)

After a bench trial, the defendant was convicted of driving while intoxicated and operating a vehicle while his driver's license was suspended, but was found not guilty of careless and reckless operation.
LSA-R.S. 14:98 defines, inter alia, the crime of driving a vehicle while intoxicated as follows:
"A. The crime of operating a vehicle while intoxicated is the operating of any motor vehicle, aircraft, vessel or other means of conveyance while under the influence of alcoholic beverages, narcotic drugs, central nervous system stimulants, hallucinogenic drugs or barbiturates."
LSA-R.S. 32:415 defines, in pertinent part, the crime of operating a motor vehicle while a license is suspended:
"A. It shall be unlawfully for any person to operate a motor vehicle upon any public highway of this state during the period of suspension, revocation or cancellation of any license which may have been issued to him by this state or by any other state."
The defendant did not take the stand nor did he offer any evidence. At the close of the State's case, he moved for acquittal. LSA-C.Cr.P. Art. 778 provides:
"In a trial by the judge alone the court shall enter a judgment of acquittal on one or more of the offenses charged, on its own motion or on that of defendant, after the close of the state's evidence or of all the evidence, if the evidence is insufficient to sustain a conviction.

If the court denies a defendant's motion for a judgment of acquittal at the *269 close of the state's case, the defendant may offer its evidence in defense."

The trial court ruled that there was sufficient circumstantial evidence to prove the defendant's operation of a vehicle while intoxicated.
In State v. Lindinger, 357 So.2d 500 (La.1978) the Supreme Court stressed that under R.S. 14:98 the State must prove that the defendant did operate his vehicle. In the case sub judice the State sought to prove this element of the crime through circumstantial evidence.
LSA-R.S. 15:438 provides:
"The rule as to circumstantial evidence is: assuming every fact to be proved that the evidence tends to prove, in order to convict, it must exclude every reasonable hypothesis of innocence."
In State v. Lindinger, supra, the Louisiana Supreme Court addressed the identical issue before us, namely: "Did the [circumstantial] evidence before the trier of fact exclude every other reasonable hypothesis than that the accused, admittedly found later to be intoxicated, had `operated' the motor vehicle while so intoxicated." We find, for the reasons discussed below, that the circumstantial evidence failed to exclude every reasonable hypothesis of innocence.
The State's case-in-chief presented three witnesses, namely: Deputy Pugh and Deputy Mason of the Natchitoches Parish Sheriff's Office, and Corporal Rodney Brossette of the Natchitoches Police Department. Their testimonies constituted the State's evidence of the alleged offenses.
On April 17, 1983 at approximately 1:30 A.M., Mrs. Weaver, the owner of the Hilltop Lounge near Campti, called the Natchitoches Parish Sheriff's Office to report that there had been an accident in the lounge parking lot. Deputies Pugh and Mason were dispatched to the scene. Deputy Pugh was the first to arrive and found the defendant slumped over in the driver's seat, with his head against the steering wheel, sleeping with his arms down away from the controls of the vehicle. Deputy Pugh reached into the car through an open window and shook the defendant to wake him. Deputy Pugh then requested that the defendant get out of the car and the defendant complied. When Deputy Mason arrived he observed the defendant leaning against his (Rutan's) car, unsteady on his feet. Both officers were of the opinion that the defendant was intoxicated.
Deputy Pugh noticed that a vehicle in the parking lot was damaged at the rear passenger side, but the record does not reflect the location in the parking lot of the damaged vehicle. Deputy Pugh did not observe any damage to defendant's car. Neither deputy had personal knowledge of the accident.
The deputies administered a field sobriety test which, in their opinion, the defendant failed. The defendant was then arrested and voluntarily submitted to a P.E.I. test administered by Corporal Brossette which showed a blood alcohol level of .21 percent.
After Corporal Brossette's testimony, the State rested its case. The defendant then moved for acquittal contending that the evidence adduced did not prove that he was operating a vehicle, an essential element in the crime of driving a vehicle while under the influence of alcoholic beverages. The trial court denied the motion and found that there was sufficient circumstantial evidence to convict the defendant of driving while intoxicated and driving under suspension, but did not find the defendant guilty of careless and reckless operation of a vehicle.
The evidence does not show: (a) how long Rutan had been in the parking lot before the deputies arrived; (b) if Rutan had driven the automobile on the highway to the lounge; or (c) if he had driven the car to the lounge, that he was intoxicated when he drove from the highway to the parking lot.
The facts of this case are distinguishable from State v. Sims, 426 So.2d 148 (La. 1983), and State v. Phillips, 389 So.2d 1260 (La.1980). In State v. Sims, the defendant was found in his car parked on the shoulder *270 of the road; the car's engine was running, the stereo was on, and the headlights were being used. The defendant was found intoxicated in his vehicle and no alcoholic beverages were found in or near the car. In the present case, Rutan was found in his automobile which was parked in the parking lot of a lounge where alcoholic beverages were readily available to the general public. The automobile's engine, the radio, and the headlights were off.
In State v. Phillips, supra, the defendant's conviction was upheld on the basis that all reasonable hypotheses of innocence had been overcome. In that case the defendant was found in his truck, stopped halfway on the road, with his headlights on in broad daylight. Unlike those facts, Rutan's automobile was in a parking lot with the automobile's control systems off.
Although the State proved the defendant was intoxicated, the record is void of any evidence proving defendant operated his vehicle, an essential element to the crime of driving while intoxicated and driving under suspension.
For the foregoing reasons, we reverse the defendant's convictions and sentences for driving while intoxicated and operating a motor vehicle while his license was suspended. We order that the defendant be discharged.
REVERSED AND RENDERED.