460 So.2d 1188 (1984)
STATE of Louisiana, Appellee,
v.
John A. PHINNEY, Appellant.
No. 16878-KW.
Court of Appeal of Louisiana, Second Circuit.
December 5, 1984.
*1189 Robert L. Raley, Bossier City, for appellant.
William J. Guste, Jr., Atty. Gen., Baton Rouge, Paul J. Carmouche, Dist. Atty., Gary M. Parker and John Broadwell, Asst. Dist. Attys., Shreveport, for appellee.
Before PRICE, MARVIN and FRED W. JONES, Jr., JJ.
MARVIN, Judge.
We granted Phinney's application for a writ to review the sufficiency of the circumstantial evidence on which he was convicted of DWI second offense in a judge trial. LRS 14:98, 15:438.
Test results, which were stipulated, showed Phinney's blood alcohol content to be .223 grams percent shortly after he was arrested about 2:30 a.m. The issue is not whether Phinney was drunk at the time, but whether the total circumstances exclude any reasonable hypothesis that someone other than Phinney could have operated the vehicle to achieve the position in which it was found by police. See and compare City of Bastrop v. Paxton, 457 So.2d 168 (La.App. 2d Cir.1984); State of La. v. Sims, 426 So.2d 148 (La.1983); State of La. v. Phillips, 389 So.2d 1260 (La.1980); State of La. v. Lindinger, 357 So.2d 500 (La.1978); and State of La. v. Rutan, 448 So.2d 267 (La.App. 3d Cir.1984).
Only one witness, a Shreveport policeman, testified. He said he was called to the scene of a one car accident in a residential area about 2:20 a.m. on October 27, 1983. He said the vehicle had obviously crashed into a fence, was upside down with its windshield broken, 10-30 feet off the street, and severely damaged. Skid marks extended from the curb about 100 feet into the street. Phinney was the only person standing near the vehicle, he was incoherent, and appeared to be drunk. Other persons were standing some distance away. The policeman checked the registration of the vehicle and learned that it was registered "to a John C. Phinney." Defendant's name is John A. Phinney and it is not shown whether defendant and John C. Phinney are the same or are related.
Another officer conducted a field sobriety test, which was not witnessed by the policeman who testified. The officer also testified that he asked Phinney for his driver's license, "observed [that] ... he wasn't able to relate anything ... and notified the DWI officer." He did not look for any alcoholic beverage containers in the vehicle. He said he didn't see any containers on Phinney and, perhaps because the State so stipulated, was not asked whether Phinney made any explanation or admission to him or the other policeman.
There are circumstances which exclude every reasonable hypothesis of innocence in a DWI case and from which it may be reasonably concluded that a particular defendant had been driving a particular automobile. See Louisiana cases cited supra. The result in each case, of course, is governed by its own circumstances. City of Bastrop v. Paxton, supra.
Under the circumstances of this record, we could deduce or hypothesize that Phinney was operating the vehicle while drunk only moments before the police arrived. We cannot, however, exclude other deductions or hypotheses which would also be as reasonable and as supported by the evidence or lack of evidence in this record. *1190 LRS 15:438. See Lindinger, supra; State v. Captville, 448 So.2d 676 (La.1984).
We do not know whether the policemen asked for, or whether Phinney gave, or refused to give, "an explanation of his actions" and his presence at the scene. CCrP Art. 215.1.
We do not know how long the vehicle had been in the position in which the officer found it. We do not know whether Phinney was related to the person in whose name the vehicle was registered. We do not know whether or when Phinney or others may have occupied the vehicle, as a driver or as passengers on October 26-27, 1983. We do not know why Phinney was standing nearest the van when the police arrived. We do not know whether Phinney was incoherent because he was either or both injured in the wreck and drunk. We do not know how or when Phinney reached the scene or whether, after arriving there, he consumed any quantity of alcohol.
The circumstantial evidence simply does not exclude or negate every reasonable hypothesis of innocence as the law requires. LRS 15:438; Lindinger, supra. With so much lacking in this record, we must conclude that the State failed to meet its burden of proving beyond a reasonable doubt and to the exclusion of other reasonable hypotheses of innocence that Phinney had operated the vehicle in question while intoxicated. LRS 15:271.
Defendant-applicant's conviction and sentence are therefore reversed and set aside.