LABORDE, Judge.
Defendant, John Victor Marcotte, on November 12, 1983, was charged by bill of information with operating a vehicle while intoxicated (third offense) in violation of La.R.S. 14:98. On December 5, 1983, defendant waived formal arraignment and pled not guilty to the charge. On February 7, 1984, defendant was tried by a six person jury that unanimously found him guilty as charged. On March 2, 1984, the trial court sentenced defendant to serve eighteen (18) months in the custody of the Department of Corrections at hard labor, without benefit of parole. An out-of-time appeal was granted on April 30, 1984. Defendant appeals his conviction and sentence. We affirm.
ASSIGNMENT OF ERROR
In his one assignment of error defendant alleges that there was insufficient evidence to establish that he was driving an automobile at the time of the alleged offense for which he was charged and convicted.
The evidence as to whether defendant was driving consisted of the testimony of State Trooper Calvin White, defendant, and defendant’s wife. At trial, Trooper White testified that on July 9, 1983, as he was driving southbound on Ryan Street, he noticed defendant driving a vehicle with a female passenger hanging her legs out of the window on the passenger’s side of the car. By means of the public address system the officer advised the passenger to pull her legs in. The officer testified that defendant turned right and stopped the car. The officer further testified that as he approached defendant’s vehicle, defendant and the female passenger changed sides so that the female passenger was on the driver’s side.
Both defendant and his wife, the female passenger, testified that Mrs. Marcotte had been driving the vehicle and that Mr. Mar-cotte had his legs hanging out of the window.
Under Jackson v. Virginia, 443 U.S. 307, 320, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560, 574 (1979), the question for review on appeal is whether any rational trier of fact, viewing the evidence in the light most favorable to the prosecution, could have *1190 found the essential elements of the offense proved beyond a reasonable doubt. When there is conflicting testimony as to a factual matter as in the case before us, the question of credibility of witnesses is within the sound discretion of the trier of fact. State v. Klar, 400 So.2d 610, 613 (La.1981). In the case before us, the jury found the officer’s version of the facts more credible. That determination will not be disturbed. Id.
Viewing the evidence in the light most favorable to the prosecution, a rational trier of fact could have found that the defendant was driving the automobile at the time of the offense for which he was charged and convicted.
For the foregoing reasons, the judgment of the trial court is affirmed.
AFFIRMED.