FRED W. JONES, Jr., Judge.
After a jury trial, the defendant, Babi-neaux, was found guilty as charged of operating a motor vehicle while intoxicated (La.R.S. 14:98 D) as a third offender. She was sentenced to serve one year at hard labor, without benefit of parole for the first six months. She appealed, alleging the evidence lacked both sufficiency and weight to prove she operated the vehicle in question.
The defendant stipulated as to her intoxication and to her two prior guilty pleas for driving under the influence. The sole issue on appeal is whether the State proved beyond a reasonable doubt that the defendant was “operating” the vehicle on this occasion.
The arresting officer testified that sometime after midnight on April 20, 1985, he observed a small blue vehicle drive around several barricades which blocked the street from through traffic. He followed the car and determined that there were at least two people in it and the passenger had lighter colored hair than the driver. The officer stated that he may have lost sight of the vehicle for just a moment or two as it would turn a corner, but that he visually followed the roofline through the parking lot at Funreaux’s, an after-hours club, where it finally came to a stop. Five or ten seconds later, he pulled up to the vehicle and saw the defendant standing at the driver’s side of a light blue 1970 Honda. The driver’s door was open and she was leaning into the car. Another woman (later identified as Marie Oliver) was also standing next to the car and her hair was lighter in color than the defendant’s.
When he approached the defendant, the officer noted there was a strong odor of alcohol and the defendant’s speech was slurred, her eyes were bloodshot and she had difficulty maintaining her balance.
The defendant testified that she was riding in the passenger seat and Ms. Oliver had been driving. In addition, she testified there had been two males in the back seat, one with light blonde hair. The defendant testified that as Ms. Oliver alighted from the car a bottle of whiskey fell out and broke. The defendant was assisting Ms. Oliver in collecting the glass and she leaned into the car to place her purse under the passenger’s seat when the officer arrived — about five minutes after they parked. Ms. Oliver corroborated this testimony, adding that the car keys were in her pocket when the officer arrived. Both women testified that they had attempted to tell the officer that Ms. Oliver was driving, but he told her to stay out of it or she, too, would be arrested.
*608 A witness, Brenda Johnson, who was an old friend of the defendant, testified that she was in the parking lot at Funreaux’s on the evening in question and that although she did not see the car pull up, she first heard the defendant’s voice and then saw her coming from the passenger side and walking around the front of the vehicle to the driver’s side.
The arresting officer had called for backup and neither officer recalled any discussion at the scene to the effect Ms. Oliver had been driving the vehicle and not the. defendant. Neither of the two males testified.
The defendant contends there was insufficient evidence to prove she was guilty beyond a reasonable doubt of driving while intoxicated. She argues that the State failed to circumstantially prove that she “operated” the car while intoxicated, which is an essential element of the offense.
When reviewing a conviction based on circumstantial evidence, we must consider whether, when viewing the evidence in the light most favorable to the prosecution, a rational trier-of-fact could have concluded beyond a reasonable doubt that every “reasonable hypothesis” of innocence had been excluded. See Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Sims, 426 So.2d 148 (La.1983).
Defendant relies on numerous cases where the circumstantial evidence of driving while intoxicated was found to be insufficient. Upon review we find these cases distinguishable. When the evidence showed an intoxicated defendant standing near (State v. Phinney, 460 So.2d 1188 (La.App. 2d Cir.1984), resting against (State v. Lindinger, 357 So.2d 500 (La.1978), or asleep in (City of Bastrop v. Paxton, 457 So.2d 168 (La.App.2d Cir.1984; State v. Rutan, 448 So.2d 267 (La.App. 3 Cir.1984) a vehicle with no indication of how long he had been there, when he had had anything to drink and no eyewitness to any “operation” of the vehicle — the State did not meet its burden of proof.
However, when the circumstances permit a trier-of-fact to exclude all other reasonable hypotheses, then the circumstantial evidence is deemed sufficient and the State has met its burden. See State v. Sims, 426 So.2d 148 (La.1983) and State v. Phillips, 389 So.2d 1260 (La.1980).
When there is conflicting testimony the question of credibility of witnesses is within the sound discretion of the trier-of-fact. State v. Klar, 400 So.2d 610 (La.1981). Here the jury apparently chose not to believe the version of the incident offered by the defendant and Ms Oliver. A jury’s choice not to believe the defendant’s version should not be upset by an appellate court on the basis that the conflicting version constituted insufficient evidence. State v. Tompkins, 403 So.2d 644 (La.1981); State v. Walker, 432 So.2d 1057 (La.App. 3d Cir.1983).
When viewing the evidence in the light most favorable to the prosecution, a rational trier-of-fact could have rejected the defendant’s hypotheses of innocence and found that the defendant was proved guilty beyond a reasonable double of the crime of operating a vehicle while intoxicated. Defendant’s conviction is, therefore, AFFIRMED.