534 So.2d 55 (1988)
STATE of Louisiana, Plaintiff-Appellee,
v.
Thomas Mijamin WILLSON, Jr., Defendant-Appellant.
No. K88-365.
Court of Appeal of Louisiana, Third Circuit.
November 9, 1988.
*56 Joseph David Toups, Jr., Indigent Defender, Mansfield, for defendant-appellant.
Elizabeth A. Pickett, Asst. Dist. Atty., Many, for plaintiff-appellee.
Before FORET, DOUCET and YELVERTON, JJ.
DOUCET, Judge.
On June 28, 1987, relator, Thomas Willson, Jr., 29, was arrested for driving while intoxicated, second offense, a violation of La.R.S. 14:98. At trial on the merits held October 22, 1987, relator was found guilty as charged. Relator was fined $350 and sentenced to four months in the parish jail. The jail term was suspended and relator placed on eighteen months probation. Relator now seeks review of his conviction based on a single assignment of error. FACTS:
At approximately 11:30 p.m., June 5, 1987, two Sabine Parish sheriffs deputies received a report of an accident on Highway 191, west of Converse. Upon arriving at the scene, the officers observed a pickup truck off the roadway which was stuck in the mud. An individual, later identified as relator, was seated in the rear of a police vehicle. These officers were informed by the Converse Chief of Police, who had arrived at the scene earlier, that the truck was owned by relator.[1]
The officers questioned relator and requested that he perform field sobriety tests. Relator exhibited various manifestations of intoxication and acknowledged being intoxicated. Relator verified his ownership of the vehicle and admitted having driven the vehicle although he did not specify when he had last operated the vehicle. Relator was not observed operating the vehicle by any of the police officers nor was he in the vehicle when the initial police unit arrived. The officers noticed a halfconsumed pint bottle of whiskey in the bed of the truck.
At trial, relator stipulated that he was intoxicated at the time of his arrest. However, two witnesses and relator himself each testified that relator did not operate the vehicle while intoxicated. According to their version, relator was visiting at the home of a friend, Chris Jett, and his girlfriend, Joyce Woods, at about 4:00 P.M. in the afternoon. At 7:00 P.M. that evening, the trio drove to Zwolle to purchase Tequilla. According to the testimony, relator was operating the vehicle but did not drink before or while driving. In returning to his friends' new residence at about 8:30 P.M., relator inadvertently passed the driveway and attempted to make a U-turn on the highway. The tires of the vehicle left the roadway and became mired in dirt beside the road. After unsuccessfully attempting to extricate the vehicle, Chris Jett placed the keys in his pocket and the trio walked approximately one-quarter mile to the home of Jett and Joyce Woods. Thereafter, relator and Jett began drinking the Tequilla in celebration of relator's birthday. Jett and Woods went to bed "a little after 10" and relator expressed an intention to "check on" his truck. According to relator, as he was approaching his vehicle he observed police lights in the area. In a drunken condition relator spoke to police officers identifying his truck and admitting to being the driver when the vehicle left the road. At that point he was arrested. Relator asserts he was not in possession of his keys at the time of his arrest. An arresting officer could not recall finding keys in relator's possession or in the truck. Relator did not procure his keys from Jett until the day following his arrest.
ASSIGNMENT OF ERROR:
By this assignment of error, relator asserts the state failed to prove beyond a *57 reasonable doubt an essential element of the offense; namely, that relator was intoxicated while operating the vehicle. Relator argues no police officer witnessed him operating the vehicle contemporaneous to the time of his arrest. Relator also emphasizes that three defense witnesses testified that relator had not operated the vehicle for some three to four hours before the arrest.
The proper standard of review in determining the sufficiency of evidence is whether any rational trier of fact, viewing the evidence in the light most favorable to the prosecution, could have found the essential elements of the offense proved beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed. 2d 560 (1979); State v. Marcotte, 471 So.2d 1189 (La.App. 3rd Cir.1985). When the conviction is based on circumstantial evidence, the evidence, viewed favorable to the state, must exclude every reasonable hypothesis of innocence. Only those hypotheses which are reasonable need be excluded. La.R.S. 15:438; State v. Sims, 426 So.2d 148 (La.1983). The circumstantial evidence test and the Jackson, supra, test are not completely separate. "Ultimately, all evidence, direct and circumstantial must be sufficient under Jackson to satisfy a rational trier of fact that the defendant is guilty beyond a reasonable doubt. Due process requires no greater burden." State v. Porretto, 468 So.2d 1142, 1146 (La.1985). To convict a defendant for driving while intoxicated, the state must establish: 1) that defendant was operating a motor vehicle or other conveyance, and 2) that defendant was intoxicated while operating the vehicle. State v. Fontenot, 408 So.2d 919 (La.1982); State v. Lindinger, 357 So.2d 500 (La.1978).
The facts of the instant case are analogous to several other cases where courts have found insufficient evidence to prove that an admittedly intoxicated defendant had operated a vehicle while so intoxicated.
In State v. Lindinger, supra, police acting on a report of an accident found defendant intoxicated in a truck some 50-100 feet from the highway. Skidmarks in the road indicated that the truck had left the highway. A partially filled whiskey bottle was found in the truck. In reversing the conviction, the court emphasized that there was a single vehicle accident so that there was no evidence as to how long the truck was off the road or whether defendant was intoxicated when the vehicle left the road.
In State v. Phinney, 460 So.2d 1188 (La. App. 2nd Cir.1984), police responding to an accident report found a vehicle turned upside down ten to thirty feet from the street. Defendant, in a drunken state, was the only person near the vehicle. Upon determining the vehicle was registered to an individual with the same last name, the police made an arrest for driving while intoxicated. In reversing the conviction, the court emphasized that there was no evidence as to how long the vehicle was in the position or whether defendant arrived on the scene before or after consuming alcohol.
In State v. Rutan, 448 So.2d 267 (La. App. 3rd Cir.1984), the owner of a lounge called police to report an accident in the lot of his lounge. An undetermined amount of time later, the investigating officer discovered defendant asleep at the controls of his vehicle. The vehicle was damaged, the engine was not operating and the defendant was admittedly intoxicated. In reversing the conviction, this court emphasized that the state presented no evidence to suggest defendant had operated the vehicle. Furthermore, because there was no testimony as to how long after the accident the arrest was made, it might be presumed that defendant (parked at a lounge) never operated the vehicle in an intoxicated state.
In State v. Prudhomme, No. K88-169 (La.App. 3rd Cir.1988), this court reversed a driving while intoxicated conviction where defendant, involved in an accident, drove to his home and was arrested some thirty minutes later in an intoxicated condition. The only issue raised by relator was whether there was sufficient evidence to establish relator's intoxication at the time he operated the vehicle.
This court recently upheld a conviction for driving while intoxicated in State v. Thereiot, No. K88-128 (La.App. 3rd Cir. *58 1988), where relator argued insufficient evidence of operation of a vehicle while intoxicated. In that case, relator's vehicle was found stuck on a beach. Relator had admitted driving the vehicle but alleged the vehicle had been in that position for several hours. However, the officers testified that the vehicle's hood was warm, the car tracks in the sand were "fresh", and a witness had informed the police that the vehicle had been involved in an accident a few moments earlier.
In the instant case, there is no evidence presented by the state to suggest how long relator's vehicle was off the road. Although relator admitted operating the vehicle, there is no indication as to when the vehicle was last operated. The circumstantial evidence fails to exclude or negate every reasonable hypothesis of innocence as required by law. Stated another way, the evidence fails to exclude the claim of relator that after the vehicle left the roadway he walked a short distance to the home of his friends and began drinking alcohol. Because of the state's failure to meet its burden of proof, La.R.S. 15:271, relator's conviction is hereby reversed.
For the reasons assigned, defendant's conviction and sentence are vacated and the prosecution of defendant is dismissed.
WRIT GRANTED AND MADE PEEMPTORY.
NOTES
[1] Much of the state's case involved hearsay statements made by the Converse Chief of Police to the sheriffs deputies. La.R.S. 15:434. Only the sheriffs deputies testified at trial. There was no defense objection to the hearsay statements. La.C.Cr.P. art. 841.