NORRIS, Judge,
dissenting.
I respectfully dissent.
The problem in this case arises from the state’s heavy burden of proof. Cited but not elaborated on in the majority opinion is the Jackson v. Virginia rule, which applies both to direct and circumstantial evidence. A reviewing court must look at conflicting direct evidence in light most favorable to the state. The facts established from the direct evidence thus viewed, and those inferred from the circumstances, must still be sufficient to persuade a rational fact-finder beyond a reasonable doubt that the defendant committed each element of the offense. See State v. Sutton, 436 So.2d 471 (La.1983). The circumstantial evidence rule, LSA-R.S. 15:438, does not establish a stricter standard of review but emphasizes the need for careful observance of the usual standard and provides a helpful methodology for analyzing cases that hinge on circumstantial evidence. State v. Chism, 436 So.2d 464 (La.1983). In the case of DWI, the essential elements include proof beyond a reasonable doubt that the accused was operating a vehicle while under the influence. State v. Fontenot, 408 So.2d 919 (La.1982).
Despite well-intentioned speculations in the majority opinion, the record does not show when, how or by whom this “accident” was “reported.” Given this lack of evidence, it is no more reasonable to assume that the accident occurred minutes than hours before the officers arrived, although the court freely weighs the probability of these hypotheses. The only direct evidence was from Trooper Carson. According to him, Wren said “he had been drinking, and he had been driving.” This hearsay statement, subject to interpretation, establishes only that Wren had done both sometime earlier in the day. The trial court should have been reluctant to “interpret” it to prove beyond a reasonable doubt that Wren had been driving while under the influence. It is also reasonable to assume from this evidence that Wren became intoxicated after the accident. See State v. Undinger, 357 So.2d 500 (La.1978); State v. Trahan, 534 So.2d 73 (La.App. 3d Cir. 1988). The evidence to defeat this reasonable hypothesis, if available, was not adduced.
The majority opinion correctly states that each case is to be decided on its own facts. However, the alleged distinction from Lin-dinger is trifling and there is no effort at all to distinguish Trahan. The tenor of these cases is that the state’s burden of proof beyond a reasonable doubt must be scrupulously upheld. The evidence here presented, in my opinion, does not satisfy this heavy burden of proof.
I would grant the writ, make it peremptory and reverse the conviction.