GASKINS, J.
|/The defendant, James Craig Bennett, was convicted of operating a vehicle while intoxicated, third offense. He was sentenced to serve five years at hard labor, with 75 days to be served without benefit of parole, probation, or suspension of sentence, and he was fined $2,000. The defendant appealed, claiming there was insufficient evidence to support his conviction. For the following reasons, we affirm the defendant’s conviction, and amend the sentence.
FACTS
In the evening hours of February 2, 2009, Emmett Carter, a part-time EMS worker and firefighter, saw a car on the side of Meriwether Road in Shreveport, Louisiana, in front of a church. He also saw a man, later determined to be the defendant, staggering on the driver’s side of the car and hanging over the car. The defendant looked intoxicated and his private parts were exposed. Mr. Carter called 911 and stayed in his truck until the police arrived. No one else was at the scene.
Officer Wiley Lee Lindsey of the Shreveport Police Department responded to the 911 call. Upon arrival at the scene, he saw the defendant le'aning against the driver’s side of the vehicle, passed out, with his private parts exposed. The motor of the vehicle was running and the door was open.
Corporal Michael Murphy of the Shreveport Police Department also responded to the 911 call. He arrived at the scene shortly before midnight. Two other officers were present and were just making contact with the defendant when Corporal Murphy approached. The area was on a two-lane |2road that was very dark. A church was located close by, but no one was present at that time of the night and the parking lot was closed off. Corporal Murphy observed a man he identified as the defendant, asleep, leaning against the vehicle. The driver’s door was open and the vehicle was running. The odor of alcohol was extremely strong on the person of the defendant, his eyes were glossy, his speech was slurred, and he was unable to stand without leaning. There was a puddle under the defendant at the driver’s door of the vehicle, the front of the defendant’s pants was wet, and his private parts were exposed. According to the officer, it appeared that the defendant had “slipped out of the door and done whatever he was going to do right there.” Corporal Murphy tried to talk to the defendant, but he refused to talk. No empty alcohol containers were found at the scene or in the car. Corporal Murphy stated that from his experience of dealing with alcohol-impaired people, the defendant was intoxicated.
Based upon safety concerns, Corporal Murphy took the defendant into custody and transported him to the Shreveport *186 Police Department’s DWI testing facility. The vehicle was not impounded, but was secured in the area. Neither Corporal Murphy nor Officer Lindsey saw the defendant drive the car. The defendant was identified through his driver’s license and vehicle registration.
Corporal Kevin Anderson of the Shreveport Police Department was certified to administer field sobriety and Intoxilyzer tests. He came into contact with the defendant on February 2, 2009, at the police DWI facility. The defendant had a strong odor of alcohol, and was exhibiting emotional | Sswings, going from being very calm to very agitated. The defendant was unsteady on his feet and had bloodshot eyes. The officers read the defendant his Miranda rights and several field sobriety tests were administered. The results of the testing indicated that the defendant was intoxicated. The defendant was adamant that he was not driving the vehicle. He refused to take an Intoxilyzer breath test. He was arrested and charged with operating a vehicle while intoxicated, fourth offense.
The defendant was tried by jury in February 2011. The defense stipulated that the defendant had three prior convictions for operating a vehicle while intoxicated. Mr. Carter testified at trial along with Officer Lindsey, Corporal Murphy, and Corporal Anderson. Officer Lindsey identified a video recording of the incident recorded on his patrol unit’s MVS system. The video recording was admitted into evidence and played for the jury. The jury-found the defendant guilty of DWI, third offense. The defendant filed a motion for new trial and a motion for post verdict judgment of acquittal, arguing that his conviction was contrary to the law and evidence because there was no showing that he operated the vehicle, an essential element of the charge of DWI. The motions were denied by the trial court.
The defendant was sentenced to serve five years at hard labor; 75 days of the sentence were to be served without benefit of parole, probation, of suspension of sentence. The defendant was ordered to pay a fine of $2,000, and court costs. The sentence was ordered to be served consecutively with any other sentence. The defendant was granted credit |4for time served. A motion to reconsider sentence was filed by the defendant and denied by the trial court.
The defendant appealed, arguing that there was insufficient evidence to support his conviction.
SUFFICIENCY OF EVIDENCE
The defendant argues on appeal that there is not sufficient evidence to prove beyond a reasonable doubt that he operated his vehicle while intoxicated, an essential element of a conviction of operating a vehicle while intoxicated. This argument is without merit.
Legal Principles
The constitutional standard of review for sufficiency of evidence to support a conviction is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found that the state proved the essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); La. C. Cr. P. art. 821. This standard, now legislatively embodied in La. C. Cr. P. art. 821, does not provide the appellate court with a vehicle to substitute its own appreciation of the evidence for that of the fact finder. State v. Pigford, 2005-0477 (La.2/22/06), 922 So.2d 517. The appellate court does not assess the credibility of witnesses or reweigh evidence. State v. Smith, 94-3116 (La.10/16/95), 661 So.2d *187 442. A reviewing court accords great deference to a jury’s decision to accept or reject the testimony of a witness in whole or in part. State v. Eason, 43,788 (La.App.2d Cir.p/25/09),;-, 3 So.3d 685, writ denied, 2009-0725 (La.12/11/09), 23 So.3d 913.
The Jackson standard is applicable in cases involving both direct and circumstantial evidence. An appellate court reviewing the sufficiency of evidence in such cases must resolve any conflict in the direct evidence by viewing that evidence in the light most favorable to the prosecution. When the direct evidence is thus viewed, the facts established by the direct evidence and inferred from the circumstantial evidence must be sufficient for a rational trier of fact to conclude beyond a reasonable doubt that the defendant was guilty of every essential element of the crime. State v. Wiltcher, 41,981 (La.App.2d Cir.5/9/07), 956 So.2d 769.
When circumstantial evidence is used to convict, the statutory rule is that assuming every fact to be proved that the evidence tends to prove, it must exclude every reasonable hypothesis of innocence. La. R.S. 15:438. The circumstantial evidence rule does not establish a stricter standard of review than Jackson v. Virginia, but it emphasizes the need for careful observance of the usual standard and provides a helpful methodology for its implementation in cases which hinge on the evaluation of circumstantial evidence. State v. Nealy, 450 So.2d 634 (La.1984).
The offense of operating a vehicle while intoxicated is defined, in part, as the operation of any motor vehicle when the operator is under the influence of alcoholic beverages. La. R.S. 14:98. The term “operating” is broader than the term “driving.” Operating in some circumstances may mean handling the controls of a vehicle. The definition of operating, Lhowever, should not dictate the result in all cases. The result should be determined by the sufficiency of the evidence in each particular case. City of Bastrop v. Paxton, 457 So.2d 168 (La.App. 2d Cir. 1984); State v. Wiltcher, supra.
Several cases have discussed circumstantial evidence used to prove the offense of operating a vehicle while intoxicated. In State v. Lindinger, 357 So.2d 500 (La.1978), the Louisiana Supreme Court found that there was not sufficient circumstantial evidence to support a conviction of driving while intoxicated. The defendant was found resting against a pickup truck in a field 50 to 100 feet off the highway. The defendant appeared to be intoxicated and officers found a bottle of whiskey in the truck which was three-quarters empty. Skid marks indicated that the truck skidded off the highway into the field. The evidence did not show how long the defendant or the truck had been in the field, whether the defendant was driving the truck when it left the highway, or whether it could be inferred that the defendant was intoxicated at the time the vehicle left the highway. Without any showing of how long the truck had been in the field, there was a reasonable hypothesis that the defendant consumed the whiskey after the vehicle skidded off the highway.
In State v. Phinney, 460 So.2d 1188 (La.App. 2d Cir.1984), police were called to the scene of an accident in the early morning hours. The defendant was found standing near a vehicle that had crashed through a fence and was upside down with a broken windshield. The defendant appeared to be intoxicated. Other people were standing some distance 17away. The vehicle was registered in a slightly different name than the defendant. In finding insufficient evidence to support a conviction of driving while intoxicated, this court observed that it was not shown how long *188 the vehicle had been off the highway, whether the defendant was related to the person in whose name the vehicle was registered, whether the defendant or others occupied the vehicle as driver or passengers, why the defendant was standing nearest the vehicle, whether the defendant was incoherent because he was drunk or because he was injured, how or when the defendant reached the scene, or whether, after arriving at the scene, the defendant consumed alcohol. See also City of Bastrop v. Paxton, supra and State v. Rutan, 448 So.2d 267 (La.App. 3d Cir.1984).
By contrast, some cases have found sufficient circumstantial evidence to support a conviction of driving while intoxicated. In State v. Phillips, 389 So.2d 1260 (La.1980), a state trooper observed the defendant’s pickup truck parked at an intersection with the rear wheels on the roadway and the front wheels on the shoulder, off the road. It was the middle of the afternoon and the truck’s lights were on. The defendant was seated at the steering wheel with his lower torso under the wheel and his upper body slumped on the seat. The defendant smelled strongly of alcohol and was barely conscious. The Louisiana Supreme Court found these facts distinguishable from State v. Lindinger, supra, and determined that this evidence excluded any reasonable possibility that some other person had driven the truck to that location and then abandoned it in that manner to the defendant, or that the defendant had driven to that location and, with his flights on and his rear wheels poking out into the roadway, begun drinking himself into a stupor.
Similarly in State v. Sims, 426 So.2d 148 (La.1983), the Louisiana Supreme Court found sufficient evidence to support a conviction of operating a vehicle while intoxicated. A law enforcement official spotted the defendant’s vehicle shortly after midnight on the shoulder of a highway. The headlights were on and the motor was running. The defendant was seated in the vehicle, under the steering wheel, slumped over and asleep. The officer got the defendant out of the vehicle and the defendant performed poorly on field sobriety tests. The defendant was arrested for DWI. An inventory search of the vehicle did not disclose any alcoholic beverage containers. Under these facts, the supreme court found that the only reasonable hypothesis was that the defendant operated his vehicle while intoxicated.
Discussion
In the present case, the evidence shows that the defendant was intoxicated when police responded to Mr. Carter’s 911 call and found the defendant leaning against his vehicle on the side of the road. It was late at night on a dark road, near a closed church. The officers testified that the defendant appeared to be intoxicated and smelled of alcohol. The recordings of the field sobriety tests also support the conclusion that the defendant was intoxicated. He does not argue that the evidence was insufficient to show that he was intoxicated. Rather, he contends that the prosecution failed to show that he operated the vehicle while intoxicated.
l9The defendant points out that another officer arrived on the scene before Officer Lindsey. That officer did not testify at trial. The defendant claims that there was no evidence to establish how long the car had been on the side of the road, whether the defendant had been in the car or whether he had driven it. According to the defendant, there was no evidence as to when he became intoxicated. He contends that there was no evidence whether there were alcoholic beverage containers on or near the defendant or his vehicle. The defendant argues that there was a gas station a mile from the scene and that *189 someone could have left the defendant on the road drunk or the defendant could have parked his vehicle and then became intoxicated.
The defendant’s arguments are without merit. Corporal Murphy testified that he, Officer Lindsey, and another officer all arrived at the scene at about the same time. The defendant was leaning over the driver’s side of his own vehicle, the driver’s door was open, and the engine was running. The defendant had recently urinated. The ground by the driver’s door and the defendant’s clothing were still wet. Corporal Murphy testified that there were no alcoholic beverage containers in the vehicle or at the scene. The vehicle was registered in the defendant’s name. No other persons were located in or near the defendant’s vehicle.
The evidence shows that the defendant was intoxicated when the officers arrived at the scene. The defendant does not argue to the contrary. Further, strong circumstantial evidence establishes that the only reasonable hypothesis is that the defendant, while intoxicated, drove his vehicle to the | ^location where he was apprehended and therefore, he was guilty of operating his vehicle while intoxicated.
ERROR PATENT
We note that the trial court erred in the sentence imposed in this case. The trial court sentenced the defendant to serve five years at hard labor, with 75 days of the sentence to be served without the benefit of probation, parole, or suspension of sentence. The trial court also imposed a fine of $2,000. When this offense was committed, La. R.S. 14:98 provided that a person convicted of a third offense of operating a vehicle while intoxicated shall be imprisoned with or without hard labor for not less than one year nor more than five years and shall be fined $2,000. Forty-five days of the sentence of imprisonment shall be imposed without benefit of probation, parole, or suspension of sentence. Therefore, the trial court erred in ordering that 75 days of the defendant’s sentence be served without benefit of probation, parole, or suspension of sentence.
An illegal sentence may be corrected at any time by the court that imposed the sentence or by an appellate court on review. La. C. Cr. P. art. 882(A). The appellate court may notice sentencing errors as error patent. See State v. Williams, 2000-1725 (La.11/28/01), 800 So.2d 790. Therefore, we amend the defendant’s sentence to provide that only 45 days of the sentence be served without benefit of probation, parole, or suspension of sentence.
^CONCLUSION
For the reasons stated above, we affirm the defendant’s conviction, and amend and, as amended, affirm his sentence.
CONVICTION AFFIRMED; SENTENCE AMENDED AND, AS AMENDED, AFFIRMED.