414 So.2d 320 (1982)
STATE of Louisiana
v.
Thomas MORRIS.
No. 81-KA-1371.
Supreme Court of Louisiana.
May 17, 1982.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., Louise Korns, David Plavnicky, John H. Craft, Asst. Dist. Attys., for plaintiff-appellee.
William Noland, & Lawrence J. Boasso, New Orleans, for defendant-appellant.
DENNIS, Justice.
Defendant, Thomas Morris, was convicted by a judge of receiving stolen things, La. R.S. 14:69, and sentenced to a three year jail term. We reverse his conviction and sentence because the evidence does not warrant a finding beyond a reasonable doubt that he knew or had good reason to believe the thing, a 1975 Ford pickup truck, was stolen when he received it.
On January 3, 1980, Stanley Romero was driving across Magazine Street in New Orleans when he spotted a pickup truck which he believed to be one that had been stolen from him approximately two weeks earlier. He recognized it by a combination lock on the spare tire, which he had personally placed there, distinctive decals, and scratches. He opened the hood and recognized the engine, which he was familiar with from making earlier repairs, and some tape he had put on plug wires while repairing it. He called the police and told them he believed the truck to be the one stolen from him earlier and why he believed it to be the same truck. The police opened a door and found that the vehicle identification number tag was missing. James Lemon, a witness who worked nearby, noticed the officers inspecting the truck and told the police that he had seen one of his co-workers, Thomas Morris, with the truck on two occasions, once on the previous evening and again that morning when Morris came to work. At Lemon's request Morris came out and gave the officers a key that fit the truck's ignition, but not the doors of the truck, which had been left unlocked. Mr. *321 Romero went to his residence and returned with a certificate of title for a truck of the same year, make and model as the truck under investigation, and keys that opened the doors and the locked toolbox panel. He also opened the combination lock to the spare tire without difficulty. He did not recognize the license plate number and believed it to be an incorrect number. The police ran a computer check on the license number and the computer responded that no such number was contained in its system. The defendant, Thomas Morris, was arrested and charged with receiving stolen things. One of the police officers testified that Morris did not produce a registration certificate or a bill of sale during the encounter.
The state introduced no evidence directly related to the circumstances under which Morris obtained possession of the truck. Morris did not take the stand in his own behalf.
After a bench trial, the judge found the defendant guilty of receiving a stolen thing valued in excess of $1,000, basing his estimation of the truck's worth on the sale price recited in the title certificate which had been introduced at trial. The reasons the judge gave for finding that the state had proven beyond a reasonable doubt that Morris knew or had good reason to believe the truck had been stolen were as follows:
"The defendant had a key in his possession that only fit the ignition and did not fit the door wherein Mr. Romero had one key that would fit both the ignition and the door. If the ignition had been changed then the key that would fit the ignition would not also fit the door lock. The defendant only had one key in his possession and that was to the ignition. The court further finds that the defendant had used the truck on more than one occasion, as testified to by Mr. Lemon and the possession of a truck wherein there is no key to the door for locking purposeswherein a VIN number on the truck has been removedwherein the spare tire to the truck has been locked with a combination lockwherein the tool box of that truck was locked without the key theretoindicates to this court that under those circumstances the possessor or procurer or receiver of that property should have known that the truck was the subject of a theft. * * *"
The defendant appealed and filed a number of assignments of error. We find merit in his complaint that the evidence is constitutionally insufficient to support a finding that the state proved beyond a reasonable doubt each essential element of the crime charged.
In State v. Walker, 350 So.2d 176 (La. 1977), this court held that "* * * R.S. 14:69 does not create any presumptions and the State must prove that the accused actually knew or had good reason to believe that the property had been stolen before a conviction under La.R.S. 14:69 can be obtained." We have also held that mere possession of stolen property does not create a presumption that the person in possession of the property received it with knowledge that it was stolen by someone else. State v. Nguyen, 367 So.2d 342 (La.1979); State v. Walker, supra, at 178.
It is the defense position that R.S. 15:438 and Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), require a reversal of the conviction. Under the Jackson standard, the appropriate question is whether, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could conclude that the state proved the essential elements of the crime beyond a reasonable doubt. State v. Guillot, 389 So.2d 68 (La.1980).
Regarding circumstantial evidence, R.S. 15:438 sets forth the rule that, in order to convict, the evidence must exclude every reasonable hypothesis of innocence. Under Jackson, the evidence is viewed in the light most favorable to the prosecution and from the viewpoint of a rational trier of fact. Therefore, when we review a conviction based upon circumstantial evidence we must determine that, viewing the evidence in the light most favorable to the prosecution, a reasonable trier of fact could have *322 concluded beyond a reasonable doubt that every reasonable hypothesis of innocence had been excluded. State v. Austin, 399 So.2d 158, 160 (La.1981).
Viewing the evidence in the light most favorable to the prosecution, we think that a rational trier of fact would have failed to conclude beyond a reasonable doubt that the defendant knew or had good reason to believe the vehicle had been stolen when he acquired it. The state introduced no evidence as to the circumstances surrounding Morris's acquisition of the vehicle. The evidence merely shows that Morris openly brought the truck to work on two successive days and left it parked on the street. The evidence does not exclude the reasonable hypothesis that Morris purchased or borrowed the truck a day or two before his arrest without knowledge or good reason to believe it had been stolen. Under such circumstances, his failure to obtain immediately from the vendor or lender any key other than the ignition key did not necessarily put him on notice that he was dealing with a thief. The state's attorney conceded in closing argument that "one doesn't normally examine the VIN plates on the cars in any regularity." Nor do we think a borrower or vendee would normally run a computer check on an auto's license number before taking possession. Morris's failure to discover that the license plate was false within the short time the vehicle was in his possession was not unusual or suspicious. Although the evidence indicates that Morris did not produce a certificate of title or bill of sale at the time of his arrest, the state's proof did not exclude several reasonable possibilities: that he borrowed the truck without thinking he needed to have a title certificate; that he purchased the truck without papers in the reasonable belief they would be furnished later; or that he in fact had a certificate of title at his residence or elsewhere other than on his person or in the vehicle. Considering all of the circumstantial evidence in the brief record of this case, we do not think a reasonable trier of fact could have concluded beyond a reasonable doubt that every reasonable hypothesis of innocence had been excluded.
Accordingly, the defendant's conviction and sentence are reversed.
REVERSED.
WATSON, J., dissents.