MARVIN, Judge.
We granted a writ of review and ordered the record of Dangerfield’s conviction of DWI 2d offense to be filed in this court.
This record clearly shows that the trial court erred in admitting, over defendant’s objection, the results of a test made of defendant’s blood by a medical technician without first requiring the State to show that the technician held a valid permit to administer such a test and that the test was made in accord with the procedures and techniques officially promulgated by the Department of Public Safety. LRS 32:663, 664. State v. Junell, 308 So.2d 780 (La.1975); State v. Bruins, 315 So.2d 293 (La.1975); State v. Krause, 405 So.2d 832 (La.1981).
Under these circumstances, the conviction must be reversed and the case must be remanded to allow defendant to be retried. State v. Gregory, 403 So.2d 1225 (La.1981); State v. Morrison, 392 So.2d 1037 (La.1980).
The other assignments of error need not be considered.
REVERSED and REMANDED for a new trial.