KLIEBERT, Judge.
Defendant Dara Blancaneaux was charged by one bill of information with operating a vehicle while intoxicated, second offense (LSA-R.S. 14:98), and reckless operation of a motor vehicle (LSA-R.S. 14:99). Although she was found guilty on both counts, a single sentence of six months imprisonment and a $300.00 fine were imposed. The sentence was suspended and the defendant placed on active probation subject to the condition she serve fifteen days in prison and attend court-approved substance abuse and driver improvement programs.
Defendant’s request for a writ of review was granted and the case was lodged by established appellate procedures.[1] See 88-K-291. Defendant contends the evidence in support of the conviction of operating a vehicle while intoxicated is legally insufficient. For the reasons hereinafter stated we affirm defendant’s convictions and sentence.
On April 3, 1988 at 4:00 A.M. Deputy Clithia Jones was dispatched to the 400 block of Lapalco Boulevard to assist Sgt. Larry West. Upon arrival Deputy Jones observed a car crossways to the lane of travel — its front end on the median and its back end in the left turn lane. The lights were on, the engine was running, and the shift lever was in drive; however, a road sign draped over the hood prevented the car from advancing. The driver’s door was open and the lone occupant, the defendant, was seated behind the steering wheel with her upper body slumped across the seat. The defendant was asleep.
When Deputy Jones tried to arouse her, the defendant began cursing and swinging. Her speech was slurred and she was disoriented. She was unable to stand without assistance and reeked of alcohol. The defendant was unable to even attempt to complete a field sobriety test. Nevertheless, no containers for alcoholic beverages were found in or around the car. Although they did not see her driving nor did they know whether anyone else had been in the car, the deputies arrested her on charges of driving while intoxicated and reckless operation of a motor vehicle.
The defendant contends the evidence was legally insufficient because the *1340 state did not exclude the reasonable hypothesis that someone else was operating the vehicle when it struck the median and had abandoned the defendant. Under our law, to convict, the facts established by the direct evidence and inferred from the circumstantial evidence must be sufficient for a rational juror to conclude beyond a reasonable doubt that the defendant was guilty of every essential element of the crime. State v. Captville, 448 So.2d 676 (La.1984). In State v. Lindinger, 357 So.2d 500 (La.1978) the Supreme Court stressed that under LSA-R.S. 14:98 the State must prove that the defendant did operate his vehicle while intoxicated.
In LAndinger a city policeman found the defendant leaning against a pick-up truck which was parked 50 to 100 feet in a field off the highway. The truck had skidded off the highway. Lindinger could hardly stand and smelled profusely of whiskey. A three-quarters empty bottle of whiskey was found in the truck. The officer did not know how long the truck had been in the field. In reversing Lendinger's conviction for driving while intoxicated the Supreme Court stated:
“The evidence does not show:, (a) how long Lindinger or the pickup truck had been in the field before the officers found hipi; (b) that Lindinger had been driving the pickup truck at the time it left the highway; or (c) most important, even if (b) could be inferred, that Lin-dinger was intoxicated at the time the vehicle left the highway.
In view of the lack of proof as to how long Lindinger had been in the field, for instance, the hypothesis may have been just as reasonable that he consumed whiskey after the vehicle skidded off the highway instead of before it had done so. We conclude, therefore, that there was no evidence from which the trier of fact could reasonably conclude that beyond a reasonable doubt the accused had been intoxicated while (if) operating the vehicle on the highway....”
In the present case there were no eyewitnesses or direct proof the defendant operated the vehicle while intoxicated. When Deputy Jones spotted the vehicle on the median, the engine was running, the lights were on, and the shift was in drive. The defendant was asleep behind the steering wheel. The vehicle was blocking a lane of a major thoroughfare and could not have been in that position very long before being discovered. No alcoholic beverage containers were found in or around the vehicle. Given these facts, we find it unlikely that someone else was driving the car or that the defendant became intoxicated after driving onto the median. See State v. Sims, 426 So.2d 148 (La.1983) and State v. Phillips, 389 So.2d 1260 (La.1980), which are factually indistinguishable from the present case and in which the defendant’s convictions under LSA-R.S. 14:98 were affirmed.
We have also reviewed the record for errors patent on its face, as authorized by La.C.Cr.P. art. 920. We note that despite the fact the defendant was convicted of two crimes, a single sentence was imposed. However, as the sentence for a conviction on each count would more appropriately be concurrent rather than consecutive, and the sentence imposed is reasonable under the circumstances, the single sentence will not affect substantial rights of the defendant, and remand for clarification or resentencing is not necessary. La. C.Cr.P. art. 921; State v. Batiste, 517 So.2d 371 (5th Cir.1987). Moreover, the state has failed to raise the issue of the legality of the sentence by motion or argument to this court. La.C.Cr.P. art. 882; State v. Fraser, 484 So.2d 122 (La.1986).
For the foregoing reasons, the defendant’s convictions and sentence are affirmed.
AFFIRMED.

. A writ was also granted in the simple battery case and consolidated for hearing in this court.
A separate opinion was handed down in the simple battery case. See 88-KA-414.