NORRIS, Judge.
We granted Stephen L. Blake’s application for writs in this DWI case to consider whether the trial court erred in admitting PEI test results and in convicting him on insufficient evidence. We now make peremptory the writ previously granted, reverse the conviction and order Blake discharged.
The bill of information charged Blake with two offenses: (1) operating “a vehicle on Red River Parish Road # 238 while under the influence of an alcoholic beverage,” La.R.S. 14:98, and (2) failing to maintain control of the vehicle he was operating on Red River Parish Road # 238, La.R.S. 32:58.
Trooper Childress testified he was on patrol in DeSoto Parish on May 17, 1990 when at 9:35 p.m. he got a call to investigate an accident in Red River Parish. He *907 reached the scene at 10:05 p.m. and found a truck with moderate damage to the right front and side. The alleged driver had already been carried to Huckaby Hospital; Childress went there to talk to him.
According to Childress, Blake said he did not know what happened; he had not been driving the vehicle; he had picked up a hitchhiker somewhere on La. 507 (Childress did not give the location of this road or say it was in Red River Parish); he did not know who the hitchhiker was and could give no description of him. Childress also asked Blake if he had had any drinks prior to the accident. Childress related his answer:
A. Mr. Blake’s statement to me was that after he had picked up this unknown person, that he had not been drinking since that point. And that was from the point of the accident, to the point completely after the accident until he received medical care. R.p. 22.
Childress further testified he took Blake to the Sheriffs Office after he was released from the hospital and gave him an Intoxilyzer test. Blake signed the chemical test rights card at 11:05 p.m. Childress testified he was certified to operate the machine but the state offered no proof of certification. Childress explained that certificate cards are no longer sent to the operator but are filed in Baton Rouge. Over objection, the court let Childress testify that Blake scored .148%.
Jeff Davis, of Route 2 Coushatta, testified for the state that a neighbor had come to his house that evening. The neighbor reported hearing a noise and seeing a truck in Davis’s hay meadow; the truck had apparently run through Davis’s fence. Davis first testified he came to the scene five or six minutes later and saw Blake and some neighbors standing there. Davis later admitted he was not sure how long it took him to reach the scene and he did not know when the accident occurred. At the scene, however, he saw Blake standing by the truck, not drinking anything but “kind of” smelling like alcohol. Davis asked Blake if he was driving and Blake said no, “it was just someone he had picked up.” R.p. 31.
At the conclusion of this evidence, the court stated it was “clear that at some point, even before the accident, [Blake] was driving on the highway, * * * using the highways of the State of Louisiana, under the influence of an intoxicating beverage.” R.p. 33. The court apparently felt that Blake was driving drunk (without saying where he was driving or by what evidence he was deemed drunk) and, before the accident occurred, picked up a hitchhiker who was actually driving at the time of the accident. The court found Blake not guilty of failure to maintain control “simply because there is no evidence.” R.p. 34.
Blake’s first argument, that the PEI results were inadmissible, has merit. The failure to introduce into evidence the permit held by Trooper Childress was reversible error. State v. Jones, 316 So.2d 100 (La.1975); State v. Batiste, 327 So.2d 420 (La.1976); State v. Dangerfield, 459 So.2d 171 (La.App. 2d Cir.1984). The state in brief has cited La.C.Ev. art. 602 and City of Monroe v. Robinson, 316 So.2d 119 (La.1975), for the proposition that the officer’s own testimony about his qualifications to administer the test is the “best evidence.” The Robinson opinion, however, actually stands for the opposite proposition; on rehearing the court held the state must introduce the certificate when requested. The Code of Evidence, moreover, does not abrogate the jurisprudence. We pretermit further discussion of this issue because the evidence is otherwise insufficient and mandates reversal and dismissal.
Blake’s second argument is that the evidence was insufficient to convict him of DWI. Pointing out that there were no eyewitnesses to the accident, he argues the state did not prove beyond a reasonable doubt that he was operating the truck at the time of the accident and thus did not exclude the reasonable hypothesis that the person he picked up caused the accident.
The constitutional standard of review for sufficiency of evidence to support a conviction is whether, viewing the evidence in light most favorable to the prosecution, any rational trier of fact could have *908 found that the state proved the essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); La.C. Cr.P. art. 821. When circumstantial evidence is used to convict, the statutory rule is that assuming every fact to be proved that the evidence tends to prove, it must exclude every reasonable hypothesis of innocence. La.R.S. 15:438. The circumstantial evidence rule may not establish a stricter standard of review than Jackson v. Virginia but it emphasizes the need for careful observance of the usual standard and provides a helpful methodology for its implementation in cases which hinge on the evaluation of circumstantial evidence. State v. Nealy, 450 So.2d 634 (La.1984). The instant case obviously hinges on circumstantial evidence.
The crime of operating a vehicle while intoxicated is defined, in part, as the operation of any motor vehicle when (1) the operator is under the influence of alcoholic beverages or (2) when his blood alcohol concentration is .10% or more by weight. R.S. 14:98 A.
We have carefully reviewed this record and are constrained to find the evidence does not prove, beyond a reasonable doubt, that Blake was operating a motor vehicle on Red River Parish Road # 238 while under the influence of an alcoholic beverage. The evidence of a truck off the road and a suspect, somewhat drunk, standing nearby, is suggestive but does not meet the burden of proving he was driving drunk. State v. Lindinger, 357 So.2d 500 (La.1978). To meet the burden the state offered Trooper Childress’s testimony; he said that Blake picked someone up on La. 507. The trooper did not say, however, where this was, how far it was from the accident scene, or if it was even in Red River Parish. Childress’s testimony about when Blake stopped drinking (quoted above) is unclear and inconclusive at best, only positively asserting that Blake did not drink after the accident. This leaves open the reasonable hypothesis that Blake got drunk after he picked up the hitchhiker, and was never driving drunk.
Even if we were to accept the part of Childress’s testimony that Blake stopped drinking “after he had picked up this unknown person,” and construe it to mean that Blake was indeed drinking and driving before he picked someone up on Hwy. 507, this version of events would not prove beyond a reasonable doubt that Blake was driving under the influence in Red River Parish Road on Road # 238, as charged. In this respect the evidence was clearly insufficient.
Moreover, even if Childress’s testimony means that Blake was drinking and driving at any unspecified place and time in Red River Parish before the accident, it does not rebut the reasonable theory that when Blake picked up the hitchhiker he had been drinking but was not yet “under the influence.” See State v. Garrett, 525 So.2d 1235 (La.App. 1st Cir.1988), and citations therein. Assuming the PEI results were admissible, then the record evidence viewed in light most favorable to the state would show that Blake was drunk at the scene, but not while driving.
These considerations are similar to the reasonable theories of innocence that presented reversible error in State v. Lindinger, supra, State v. Phinney, 460 So.2d 1188 (La.App. 2d Cir.1984), State v. Trahan, 534 So.2d 73 (La.App. 3d Cir.1988), State v. Willson, 534 So.2d 55 (La.App. 3d Cir.1988), and State v. Rutan, 448 So.2d 267 (La.App. 3d Cir.1984). They present reversible error here. It is of critical importance that no one ever saw Blake in the truck; no one testified the engine was running or warm; no one found liquor at the scene; and there was no evidence of how much time elapsed between when Blake picked up the hitchhiker and the accident occurred. Facts such as these, if presented, would tend to negate the reasonableness of the theories of innocence. See State v. Sims, 426 So.2d 148 (La.1983); State v. Phillips, 389 So.2d 1260 (La.1980); State v. Skeetoe, 501 So.2d 931 (La.App. 2d Cir.1987); State v. Blancaneaux, 535 So.2d 1338 (La.App. 5th Cir.1988). The absence of such facts, coupled with the inconclusiveness of Trooper Childress’s testimony, *909 persuade us that the state has not failed to exclude the hypotheses that Blake was not intoxicated when he was actually driving and the hitchhiker was driving when the accident occurred.
The state urges in brief that the story of the “phantom hitchhiker” is unreasonable. The trial court, at one point, commented that it was a “somewhat incredible” story. However, this story was reasonable enough to require the court to find Blake guilty of DWI not for what happened at the accident scene but for what he must have done at some earlier, unspecified place and time. The court also acquitted Blake of failure to maintain control “simply because there is no evidence.” The court obviously found reasonable doubt that Blake was driving the truck when it went off the road. The court did not exclude the hitchhiker theory as incredible, and the evidence presented did not exclude reasonable hypotheses of innocence.
For these reasons we make peremptory the writ previously granted, reverse the conviction and order Blake discharged.
WRIT MADE PEREMPTORY; CONVICTION REVERSED AND APPLICANT DISCHARGED.
BROWN, J., concurs and assigns written reasons.