734 So.2d 102 (1999)
STATE of Louisiana
v.
Brian J. ROSSI.
No. 98-KH-1253.
Court of Appeal of Louisiana, Fifth Circuit.
April 14, 1999.
G. Patrick Hand, III, Gretna, Attorney for Relator.
Paul D. Connick, Jr., District Attorney, Terry M. Boudreaux, Assistant District Attorney, Gretna, Attorneys for State.
Panel composed of Judges SOL GOTHARD, MARION F. EDWARDS and SUSAN M. CHEHARDY.
EDWARDS, Judge.
Defendant was convicted of driving while intoxicated in violation of LSA-R.S. 14:98. The statute does not require proof that the defendant was driving a vehicle, and the jurisprudence recognizes that the term "operating" is broader than the term "driving." State v. Jones, 97-1687 (La.App. 1st Cir. 5/15/98), 714 So.2d 819. However, in order to operate a motor vehicle, defendant must have exercised some control or manipulation over the vehicle, such as steering, backing, or any physical handling of the controls for the *103 purpose of putting the car in motion. State v. Smith, 93-1490 (La.App. 1st Cir. 6/24/94), 638 So.2d 1212; State v. Brister, 514 So.2d 205 (La.App. 3rd Cir.1987).
In the present case, defendant was found sitting in the driver's seat of his car while parked in front of his house. The car was running, but no evidence was presented to indicate that the defendant was in the process of operating the vehicle. This case is factually similar to City of Bastrop v. Paxton, 457 So.2d 168 (La.App. 2nd Cir.1984) in which the Second Circuit reversed the defendant's conviction holding that the evidence was not sufficient to convict him of "operating" a motor vehicle while intoxicated. The defendant, while intoxicated, was behind the wheel of a parked car with its motor running and the brake lights flashed "for a second." Id. at 170. The total circumstances, even when viewed most favorable toward the prosecution, simply do not show sufficient physical handling of the controls of the car by Paxton to convict him of "operating" the vehicle. Id. Similarly, the evidence in the present case is not sufficient to prove that the defendant violated LSA-R.S. 14:98. Therefore, the writ should be granted and the judgment of the trial court reversed.
WRIT GRANTED; CONVICTION REVERSED.