| STATE OF LOUISIANA | * | NO. 2024-K-0354 |
| VERSUS | * | COURT OF APPEAL |
| JAMES E. TATE | * | FOURTH CIRCUIT |
| | * | STATE OF LOUISIANA |
| | * | |
| | * | |

* * * * * * *

TFL

**LOVE, C.J., DISSENTS AND ASSIGNS REASONS**

I respectfully dissent from the majority's denial of the State of Louisiana's application for supervisory review.

The trial court found that the testimony of the two NOPD officers "staunchly conflicted with one another," such that the trial court was "left with no credible testimony or evidence to base its decision on."

The Louisiana Supreme Court outlined our role when reviewing a trial court's credibility determinations and suppression of the evidence as follows:

> This court has recently restated the general rule that appellate courts review trial court rulings under a deferential standard with regard to factual and other trial determinations, while legal findings are subject to a *de novo* standard of review. *State v. Hunt*, 09–1589, p. 6 (La.12/1/09), 25 So.3d 746, 751, *citing State v. Hampton*, 98–0331, p. 18 (La.4/23/99), 750 So.2d 867, 884. When a trial court makes findings of fact based on the weight of the testimony and the credibility of the witnesses, a reviewing court owes those findings great deference, and may not overturn those findings unless there is no evidence to support those findings. *Id*. A "trial judge's ruling [on a fact question], based on conclusions of credibility and weight of the testimony, is entitled to great deference and will not be disturbed on appeal unless there is no evidence to support the ruling." *State v. Bourque*, 622 So.2d 198, 222 (La.1993).

> The State bears the burden of proving the admissibility of the evidence seized without a warrant when the legality of a search or seizure is placed at issue by a motion to suppress evidence. LSA–C.Cr.P. art.

1

703(D). A trial court's decision relative to the suppression of evidence is afforded great weight and will not be set aside unless there is an abuse of that discretion. *Hunt*, 09-1589 at 7, 25 So.3d at 752.

> The Court of Appeal, Fourth Circuit has recognized the well-established rule that a trial court's findings on a motion to suppress the evidence are entitled to great weight, considering the district court's opportunity to observe the witnesses and weigh the credibility of their testimony. *State v. Mims*, 98-2572, p. 3 (La.App. 4 Cir. 9/22/99), 752 So.2d 192, 193-94.

*State v. Wells*, 08-2262, pp. 4-5, (La. 7/6/10), 45 So. 3d 577, 580-81.

Upon review, I find the trial court abused its vast discretion by finding discrepancies within the NOPD Officers' testimony. The record does not contain evidence to support this finding.

Both NOPD Officers testified that the Camaro lacked valid license plates, but described that lack in differing ways. The NOPD Officers observed the Camaro with the engine running and lights on in a parking lot, which contradicts the trial court's statement that "[i]t is undisputed that the Camaro was not being operated at the time." The operation of a vehicle in Louisiana has been interpreted broadly and does not require that the vehicle be moving. *See State v. Lewis*, 17-0081, p. 4 (La. 10/18/17), 236 So. 3d 1197, 1199. The NOPD Officers recognized the Camaro as one they previously encountered at local drug "hot spots" and had observed speeding and driving recklessly a few days to a week prior to the stop. The NOPD Officers also noted that the vehicle was not displaying the proper plates. Moreover, the body camera footage depicts NOPD Officer Carroll stating, "that's our guy," which corroborated their testimony that they had preexisting knowledge of this vehicle. Under the specific facts and circumstances enumerated by the NOPD Officers, reasonable suspicion existed to justify the stop.

Further, after taking the driver and Mr. Tate into custody, NOPD Officers observed a handgun near the center console in plain view. A search warrant was

then obtained and evidence seized. Given the testimony and evidence presented, I find the trial court abused its discretion by granting Mr. Tate's Motion to Suppress and erred by finding no probable cause. Therefore, I would grant the writ and reverse the trial court.